NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM HAYNES, PETITIONER, v. ESSEX FOUNDRY, RESPONDENT.

**Injury to Leg of Employe—Treatment and Apparent Recovery— Employment in Another Place and Another Injury to Leg— Held, That First Injury was Not the Cause of the Permanent Injury Suffered.**

On determination of facts and findings.

For the petitioner, *Charles Becker.*

For the respondent, *Harry E. Walburg.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

2. It was admitted by the parties that the petitioner had been paid $241.90 temporary compensation for eighteen and one-seventh weeks, at the rate of $13.33⅓ a week, and that the petition had been paid $333.33⅓ as permanent compensation, based on twenty per cent. loss of use of the right foot.

3. The petitioner testified that he was injured on March 5th, 1925, which accident arose out of and in the course of his employment. It appeared that he was struck with a large piece of coal on his right leg, and was treated the following day by Dr. Robinson. He received several treatments at the office of Dr. Robinson, and then was sent to St. James' Hospital and was placed under the care of Dr. Mishell. At the St. James' Hospital his right leg was operated upon and pieces of bone removed, and he remained in the St. James' Hospital for six weeks. After leaving the St. James' Hospital he was again treated by Dr. Robinson until some time in June. After leaving the treatment of Dr. Robinson, the leg opened up and a piece of bone came out, and he was treated by Dr. Shapiro on a few occasions. After leaving the treatment of Dr. Robinson he was able to get about on crutches. Some time in August, 1925, he went to work for a Mr. Brucker, in Englewood, New Jersey, a landscape gardener. He worked for him three or four days, and on or about August 27th, 1925, a pile of dirt and manure, with which he was working, caved in on his right leg, covering it up to the knee. He was unable to extricate himself, and two fellow-employes removed several large pieces of frozen dirt from his leg, and he was then able to get his leg free. He was taken home in an automobile and placed in bed. The following day, August 28th, 1925, he was removed to the Englewood hospital, where he remained about six weeks. While in the Englewood hospital his leg was put in a cast, and he remained several weeks in bed, and then in a

wheel chair. After he left the Englewood hospital he returned to work for Mr. Brucker as a pump man, and worked for him at irregular intervals until March, 1926. He was treated by Dr. Shapiro again in February, 1926.

4. Dr. Shapiro was called as a witness for the petitioner, and he testified that he examined the petitioner in July, 1925, and at that time he found that the wound in the petitioner's right leg was open, and a condition of osteomyelitis. He treated the petitioner on three occasions, and then discharged him as cured. He did not know what the condition of the petitioner's leg was in August, 1925. He treated the petitioner again on February 8th, 1926, and he produced an X-ray which was taken on February 9th, 1926, and which showed that the petitioner had sustained a fracture of the right tibia, middle third. In his opinion, the petitioner's permanent disability at the present time is forty-five per cent. of the right leg.

5. Dr. Cahill was called as a witness for the petitioner, and he testified that he examined the petitioner on September 29th, 1926, and that, in his opinion, the petitioner at the present time has a permanent disability of the right leg of forty-five to fifty per cent.

6. At the close of the petitioner's case the attorney for the respondent moved to dismiss the claim petition on the ground that the petitioner had failed to prove that the permanent injury which he now has was caused through the accident he sustained while in the employ of the Essex Foundry, the respondent.

It appearing that the petitioner having failed to prove that the permanent injury from which he suffers was caused through the accident which he sustained while employed by the respondent on March 5th, 1925, and it appearing that the attorney for the petitioner consents to a dismissal of the petition, it is on this 1st day of October, 1926, ordered that the claim petition herein be and the same hereby is dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*